UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **HUU THO NGUYEN;** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **U.S. DEPARTMENT OF HOMELAND SECURITY;** | ) | No. 26-cv-1273 |
| **U.S. CITIZENSHIP AND IMMIGRATION SERVICES;** | ) | |
| **MARKWAYNE MULLIN;** | ) | |
| Secretary of the Department of Homeland | ) | COMPLAINT FOR |
| Security; | ) | INJUNCTIVE AND |
| **JOSEPH EDLOW;** | ) | MANDAMUS RELIEF |
| Director of U.S. Citizenship and Immigration | ) | |
| Services; and, | ) | |
| **JOHN PRUHS;** | ) | |
| Director of U.S. Citizenship and Immigration | ) | |
| Milwaukee Field Office; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

1. Plaintiff brings this mandamus action to compel the Defendants to adjudicate his Application to Register Permanent Residence or Adjust Status ("I-485") without further delay. The I-485 was filed on March 28, 2022, and has been pending since that date.

2. Plaintiff's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time to the detriment of the Plaintiff.

## THE PARTIES

3. Plaintiff Huu Tho Nguyen ("Mr. Nguyen") resides in Milwaukee, Wisconsin, was born in Vietnam, and came to the United States in July 2020 as a beneficiary of a Refugee/Asylee Petition ("I-730"). Mr. Nguyen then submitted an Application to Register Permanent Residence or Adjust Status ("I-

1

485") after residing in the United States for more than one year. USCIS received the I-485 on March 28, 2022.

4.  Defendant U.S. Citizenship and Immigration Services ("USCIS") is an agency within Defendant Department of Homeland Security ("DHS"). The DHS, through USCIS, is responsible for the adjudication of I-485s.

5.  Defendant Markwayne Mullin is the Secretary of the DHS. He is the administrative official ultimately responsible for the adjudication of the I-485 that the Plaintiff filed. He is sued in his official capacity as the Secretary of the Department of Homeland Security, the executive office with authority over USCIS.

6.  Defendant Joseph Edlow is the Director of USCIS. He is responsible for the adjudication of the type of application that Plaintiff filed. He is being sued in his official capacity.

7.  Defendant John Pruhs is the Field Office Director of the USCIS Milwaukee Field Office. He is the executive officer with authority over the department where the I-485 is currently being adjudicated. He is sued in his official capacity.

**JURISDICTION**

8.  This is a civil action brought pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty), to redress the deprivation of rights, privileges, and immunities secured to Plaintiff, by which statutes jurisdiction is conferred, to compel Defendants to perform a duty that Defendants owe to Plaintiff. Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedure Act ("APA").

9.  Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

10. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because rendering a decision on an I-485 is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the sole discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136-1139 (D. Ariz. 2008) ("Numerous district courts . . . which have addressed this specific issue overwhelmingly conclude that . . . the pace at which USCIS processes … applications is nondiscretionary and that [8 U.S.C. § 1252(a)(2)(B)(ii)] does not bar judicial review."); *see also Liu v. Novak*, 509 F. Supp. 2d 1, 4-7 (D.D.C. 2007). Through this complaint, Plaintiff is not challenging a decision on his application, as no decision has yet been made. Rather, Plaintiff seeks an order compelling Defendants to render a decision as mandated by 8 U.S.C. § 1159 and 8 C.F.R. § 209.2. The relief sought is not discretionary but is, by definition, a mandatory duty. *See Matter of Sealed Case*, 1512 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

11. The APA also requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time, the Court has authority under 5 U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"). As set forth below, rendering a decision on the I-485 applications is a

3

discrete agency action Defendants are required to take, and the delay in rendering a decision on Plaintiff's application is unreasonable.

12. Finally, this Court may grant relief under 28 U.S.C. § 2201, the Declaratory Judgment Act, declaring Defendants' failure to act on Plaintiff's I-485 to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA. See *Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970). See also 5 U.S.C. §§ 555(b), 706(1), 706(2).

## VENUE

13. Venue is proper in this District under 28 U.S.C. § 1391(e), because the Defendants operate within this district and this is an action against officers and agencies of the United States in their official capacities, brought in the district where the Plaintiff resides and where a substantial part of the events and omissions took place.

## FACTUAL BACKGROUND

14. Mr. Nguyen was the beneficiary of a Refugee/Asylee Relative Petition ("I-730"), which was filed by his father, Vinh Huu Nguyen, on July 7, 2018. USCIS approved the I-730 on June 14, 2019, and Mr. Nguyen arrived in the United States a year later, in July 2020.

15. A refugee or asylee who enters the United States as a beneficiary of an I-730 may file an Application to Register Permanent Residence or Adjust Status ("I-485") with USCIS after he or she is physically present in the United States for at least one year. See generally 8 C.F.R. § 209.2.

16. Mr. Nguyen filed his I-485 after being present in the U.S. for over a year, and USCIS received the application on March 28, 2022. The receipt number is MSC2290374324.

17. On July 3, 2023, Mr. Nguyen received a Request for Evidence ("RFE") from USCIS on his I-485. The RFE only requested an updated Record of Medical Examination and Vaccine Record ("I-693")

4

because the edition he submitted with his initial I-485 application, over a year prior, was about to expire. Mr. Nguyen promptly replied to the RFE and provided an updated I-693.

18. Three years after responding to the RFE, Mr. Nguyen still has not received a final decision on his I-485 nor has he been scheduled for an interview. In this time, Mr. Nguyen sent approximately twelve online case status inquiries to USCIS. These inquiries were submitted on or about:

    a. October 30, 2023 (SR13032300417MSC)

    b. December 4, 2023 (SR13382304467MSC)

    c. February 6, 2024 (SR10372405095MSC)

    d. April 26, 2024 (SR11172400559MSC)

    e. July 1, 2024 (SR11832400349MSC)

    f. September 30, 2024 (SR12742400517MSC)

    g. October 8, 2024 (OVP3192403527CHI)

    h. December 10, 2024 (SR13452402198MSC)

    i. March 28, 2025 (SR10872501857MSC)

    j. May 16, 2025 (SR1302500482MSC)

    k. June 16, 2025 (SR11672502282RPA)

    l. October 17, 2025 (SR12902500552RPA)

19. Senator Tammy Duckworth's office twice contacted USCIS on behalf of Mr. Nguyen, on or around March 5, 2025, and January 2, 2026. On March 5, 2025, USCIS confirmed that the USCIS Chicago Field Office was ready to schedule an interview on the I-485. And on January 6, 2026, USCIS noted that Mr. Nguyen's application was being transferred to the Milwaukee Field Office, but that it was still ready for an interview.

5

20. According to the USCIS Case Status Online webpage, USCIS says "as of January 11, 2025, we are ready to schedule your Form I-485…for an interview" but provides no way to check the processing time.

21. In fiscal year 2022, USCIS posted that the median processing time for an I-485 based on a grant of asylum was 22.6 months. https://egov.uscis.gov/processing-times/historic-pt (last visited April 30, 2026). According to their own records on the same website, in fiscal year 2023, the median processing time for an I-485 in that category was 22.9 months. In 2024, the time reduced to 13.4 months, then to 10.3 months in 2025. It is now 13.4 months for 2026.

22. Plaintiff's I-485 application has been pending for over four years as of the filing of this complaint. In that time, Defendants performed numerous interviews and adjudicated thousands of I-485 applications which were filed after Plaintiff's application, though the exact numbers would only be known to Defendants and may be obtained through discovery.

23. The lack of action by Defendants has led to emotional suffering by Plaintiff as he has been forced to live his life in limbo during this unreasonable delay. Plaintiff has been unable to travel internationally or secure permanent residence and stability here in the United States.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of his properly filed I-485, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application for over four years since receiving the application. The Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of USCIS to adjudicate his I-485 application in a timely manner.

**CLAIMS**

25. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002). Mr. Nguyen meets these criteria.

26. First, Plaintiff has a clear right to the relief requested, as he has fully complied with all the statutory and regulatory requirements for filing an I-485. Defendants have willfully and unreasonably failed to adjudicate his application or to provide any meaningful information about the status of the application. Defendants are required by regulation to make a decision on Plaintiff's application. *See* 8 C.F.R. § 209.2(f). Moreover, pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

27. Second, Defendants have a clear duty to act upon and adjudicate the Plaintiff's I-485. This duty is owed under the INA and the federal regulations. *See* 8 C.F.R. § 209.2(e)-(f). See also *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("When the suit is one challenging government action or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue, . . . there is ordinarily little question that the action or inaction caused him injury, and that a judgment preventing or requiring the action will redress it."); *Manmohanjit Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) (noting that regulations reflect a nondiscretionary duty to process applications for immigration benefits).

28. Congress created a guideline of adjudicating immigration benefits within 180 days under 8 U.S.C. § 1571(b). Defendants have far exceeded this Congressional benchmark, their own estimated processing times, federal regulations, and Congressional guidelines.

29. Third, the Court should compel Defendants to quickly issue a decision on Plaintiff's long-pending application, because no other adequate remedy is available to Plaintiff. Defendants have inexplicably and unreasonably failed to perform their clear duty to act. They have had four years to vet Plaintiff for security issues, and in that time allowed him to live in the United States. Plaintiff has no negative police contact and has maintained employment in the Milwaukee area. Despite Plaintiff's filing of all necessary documentation, no reasonable decision or explanation for the continued delay has been made. To the extent any administrative remedies were available, Plaintiff has pursued them without obtaining adjudication, and a mandamus action is appropriate. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

30. Mandamus action is also appropriate because Defendants have failed to act within a reasonable period of time. *Saleem v. Keisler*, 520 F. Supp. 2d 1048, 1055 (W.D. Wis. 2007) (holding that the APA requires the government to act within a reasonable period of time).

31. In determining what is "unreasonable," courts may look to a variety of factors. Plaintiff is entitled to action on his I-485 because an unreasonable amount of time has passed since the application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of Plaintiff.

32. Defendants' delay is without justification and has forced Plaintiff to resort to this Court for relief, and Plaintiff is entitled to attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

**<u>RELIEF REQUESTED</u>**

Plaintiff requests that this Court grant the following relief:

(A) Compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's I-485 without further delay;

(B) Retain jurisdiction during the adjudication of the I-485 to ensure compliance with the

Court's orders;

(C) Award Plaintiff his attorneys' fees and costs under the Equal Access to Justice Act ("EAJA");

and,

(D) Grant such other relief as is appropriate.

Dated this 21st day of July, 2026.

s/ Theodore Chadwick
Theodore J Chadwick
Wisconsin SBN 1095431
Attorney for Plaintiff
Fernandez, Chadwick & Crouse
3920 W. National Ave.
West Milwaukee, WI 53215
Phone: (414) 643-5676
Fax: (888) 251-6019
teddy@fccimmigrationlaw.com